CITY OF CHARLESTON, *A Municipal Corporation v.* FOX, *State Tax Commissioner*

(No. 8055)

Submitted September 12, 1934. Decided September 18, 1934.

*Charles Ritchie* and *Philip H. Hill,* for relator.
*Homer A. Holt,* Attorney General, for respondent.

MAXWELL, JUDGE:

The City of Charleston in the county of Kanawha experienced a deficit of about $90,000.00 in its operating expenses for the fiscal year ending June 30, 1934. The municipality is without funds to discharge this obligation, and the maximum levies allowed to it under the statutes enacted in pursuance of the constitutional tax limitation amendment of 1932 will not permit it to lay sufficient levies to raise said sum or a substantial part thereof in addition to necessary current expenses, unless it may increase its levies under the provision of the last sentence of section 20 of chapter 67, Acts of the West Virginia Legislature, Second Extraordinary Session, 1933, which provision reads as follows:

"When any of the levies apportioned for current expenses to any larger taxing district are not all required by such taxing district for current expense and are not required for indebtedness of such taxing district, then, with the consent and approval in writing, of the tax commissioner, as provided in the next preceding section, such lesser taxing district may likewise utilize, for debt purposes only, the unused portion thereof."

The next preceding section of the statute makes provision for the excess or unused portion of levies permissi-

ble to larger units for debt service charges to be made available to smaller included units, such as municipalities, for application by the smaller unit on debts created prior to the adoption of the constitutional amendment, provided the tax commissioner of the state shall give his approval in writing of the procedure indicated.

Attempting to proceed under the provisions of the said last sentence of section 20, aforesaid, the City of Charleston sought the consent and approval of the tax commissioner to the utilization by the city, for the purpose of discharging said operating indebtedness, of so much as may be necessary of the unused portion of the levies available to the county of Kanawha for operating expenses in the fiscal year beginning July 1, 1934.

The tax commissioner refused to give his consent and approval on the ground that such unused portion of the levies allocated by statute to the county of Kanawha for current expenses cannot, under the said last portion of section 20 of the said legislative act of 1933, be made available to the city of Charleston for indebtedness incurred subsequent to the adoption of the tax limitation amendment in November, 1932, admitting that such excess would be available to the city for application on indebtedness incurred prior to the adoption of the said constitutional amendment.

The city seeks mandamus against the tax commissioner.

Sections 19 and 20 of the said enactment of 1933 may be epitomized as follows:

Sec. 19. Excess of larger unit debt levies may be available to smaller unit for *debts created prior to the adoption of the constitutional amendment.*

Sec. 20. (a) Excess of current expense levies of any unit may be used for application on debts of that unit *created prior to adoption of the constitutional amendment.*

(b) Excess of current expense levies of larger unit may be available to smaller unit *"for debt purposes only".*

It will be noted that by the terms of the latter part of section 20, the funds which may be made available to

smaller units are to be used "for debt purposes only". The restriction does not specifically limit such debts to those which were *created prior to the adoption of the constitutional amendment* as is done in respect of funds to be made available under the provisions of section 19 and the first part of section 20. It is urged by the tax commissioner that the same restriction and limitation should be read into the last portion of section 20.

We do not share the view of the tax commissioner.

It is our opinion that the legislative change in phraseology in the latter part of said section 20 cannot be ignored. Having had before us several cases involving legislative enabling acts in respect of the constitutional tax limitation amendment, we are fully cognizant of the practical necessity for a reasonable degree of flexibility in the administration of the new tax laws especially with reference to municipalities and other limited taxing units. The change of phraseology in the section here under consideration is significant of legislative recognition of the necessity for flexibility.

We think the whole structure of the act under consideration is indicative of the obvious intent of the legislature to permit utilization to the utmost of levies which may be laid within the statutory limitations which have been prescribed in pursuance of the constitutional amendment. The tax commissioner's construction which would permit the transfer of unused levies to meet pre-existing debts only, would apply the remedy where it is not needed, for limitations may be exceeded to provide for that class of debts. The remedy is most needed to meet debts for the payment of which there is no other legal means.

To follow the interpretation which we here adopt will in no wise endanger or discount the constitutional and statutory purpose of fostering needed curtailments of expenditures in government. Where a county does not need all of the funds which might be realized under statutory levies for current expenses, the permitting of a municipality within the county to avail itself of a portion of such funds by the application to its use of the excess

levy or a portion thereof within the municipality does not place any hardship on anybody. The net result is simply this: the people of the municipality having legally incurred certain indebtedness in the operation of their municipal government are permitted to increase their levies to discharge such indebtedness. As honorable debtors, they are deemed to be desirous of discharging their debts. Such excess must of necessity be within relatively narrow limits because the available county levies are in the first instance closely circumscribed by statute, and after the county has provided for its running expenses, there cannot in the nature of things be a wide margin remaining.

Of course, all of this implies perfectly good faith on the part of municipal authorities. The budgeting of proposed municipal expenditures and the submission of such budget to the tax commissioner for his approval is an effective check against improvidence. Neither the tax commissioner nor the courts would for one moment countenance the pursuance of a course such as is herein approved, if there were a suspicion of bad faith on the part of municipal authorities.

For the reasons above presented we are of opinion that the relator is entitled to the writ which it seeks.

*Writ awarded.*